A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ YVETTE MONTANEZ
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
-
April 3, 2015

Judge Milton I. Shadur
Magistrate Jeffrey Cole
Filed: 4/3/2015
Case # 15cv2971   CAN
ym

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: STERICYCLE, INC., STERI-SAFE
CONTRACT LITIGATION                                                                 MDL No. 2455

**TRANSFER ORDER**

    **Before the Panel**: Plaintiffs in the Northern District of California action (*Bay Area Surgical*) listed on the attached Schedule A move under Panel Rule 7.1 to vacate our order conditionally transferring their action to the Northern District of Illinois for inclusion in MDL No. 2455. Responding Stericycle defendants[1] (Stericycle) oppose the motion.

    In support of their motion to vacate, the *Bay Area Surgical* plaintiffs argue that their action is not a class action, that their remand motion is pending, and that they assert claims under California law. These arguments are not convincing. First, there are individual actions already in this MDL, and we routinely include individual and class actions in a single docket. *E.g., In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010). Second, as the Panel often has held, the pendency of a remand motion is not an impediment to transfer, as plaintiffs can present that motion to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Third, California law claims are asserted in the consolidated amended complaint filed in the MDL.[3]

    After considering the argument of counsel, we find that the *Bay Area Surgical* action involves common questions of fact with actions previously transferred to MDL No. 2455, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, this action involves factual issues arising from Stericycle's alleged imposition of unauthorized and unjustified

---

    [1]     Stericycle, Inc., Stericycle Specialty Waste Solutions, Inc., Stericycle Communications Solutions, Inc., Stericycle Management, LLC, and Stericycle International, LLC

    [2]     Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

    [3]     Furthermore, in determining the propriety of Section 1407 transfer, the presence of "differing legal theories is not significant when the actions . . . arise from a common factual core." *See In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012).

-2-

service charge increases, fees and surcharges on its customers.  *See In re: Stericyle, Inc., Steri-safe Contract Litig.,* 959 F. Supp. 2d 1356, 1356 (J.P.M.L. 2013).

IT IS THEREFORE ORDERED that the *Bay Area Surgical* action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Milton I. Shadur for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: STERICYCLE, INC., STERI-SAFE
CONTRACT LITIGATION                                          MDL No. 2455

## SCHEDULE A

<u>Northern District of California</u>

BAY AREA SURGICAL MANAGEMENT, LLC., ET AL. v. STERICYCLE, INC.,
ET AL., C.A. No. 5:14-05364     15cv2971